# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CORNELIUS WINFREY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No.: **3:09-cv-00461-JPG-PMF** |
| ROGER E. WALKER, JR., *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier from United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation. Before the Court are Defendants Lane and Rogers" Motion to Dismiss (Doc. 24) and Defendants Hill, Lane, and Rogers" Motion for Summary Judgment (Doc. 39). Plaintiff has filed a response (Doc. 52) to the motions.

For the following reasons, it is **RECOMMENDED** that Defendants" Motion to Dismiss (Doc. 24) be **GRANTED** and Defendants" Motion for Summary Judgment (Doc. 39) be **GRANTED**.

## FACTS

In the late 1980s, Plaintiff Cornelius Winfrey ("Winfrey") was severely injured in a motorcycle accident. Due to the severity his injuries from the accident, Winfrey is required to lumbar back brace and use a cane. On December 24, 2007, Winfrey, an inmate with the Illinois Department of Corrections, was transferred to Pinckneyville Correction Center ("Pinckneyville") (Doc. 1 at 14). Sometime after arriving at Pinckneyville, Winfrey slipped and fell in the shower

1

and "on the walk," aggravating his back injuries (Doc. 1 at 14). From about December 24, 2007 until January 29, 2008, Winfrey was without his back brace and cane at Pinckneyville (Doc. 1 at 10, 16). During this time and for a period of time afterwards, Winfrey repeatedly complained to Pinckneyville prison officials about his back problems, lack of treatment and medication, and his lack of access to a physically-challenged cell and Americans with Disabilities Act ("ADA") compliant shower. Winfrey did eventually receive a back brace and cane after filing grievances (Doc. 1 at 10).

## PROCEDURAL HISTORY

On June 18, 2009, Winfrey filed this cause of action pursuant to 42 USC § 1983 ("Section 1983") claiming that Pinckneyville prison officials violated his constitutional rights (Docs. 1, 7). In its initial screening order, the Court allowed Winfrey's inadequate medical care claims under to the Eighth Amendment of the United States Constitution to go forward against several medical doctors and nurses (Doc. 7). However, the Court ruled that Winfrey failed to state a claim against several prison administrative officials and dismissed Winfrey's claims against them with prejudice (Doc. 7). On May 28, 2010, Defendants Lane and Rogers filed the instant Motion to Dismiss State Law Claims of Negligence (Doc. 24). On September 23, 2010, Defendants Hill, Lane, and Rogers filed the instant Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 39).

## DISCUSSION

The Court will first summarize the applicable law relevant to this case and will then provide its analysis and recommendation regarding the instant motions.

## I. Motion to Dismiss Standard

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). A complaint by a *pro se* plaintiff is to be construed more liberally than one prepared by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The stated grounds for relief require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is insufficient." *Id*. The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id*.

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc*., 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ*., 458 F.3d 620, 628 (7th Cir. 2006), *cert. denied*, 549 U.S. 1210, 127 (2007), citing *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

### III.    Failure to Exhaust Administrative Remedies, Generally

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under Section 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Section 1997e(a) "makes exhaustion a precondition to filing suit." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the Department of Corrections. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

Typically, in order to fully exhaust administrative remedies, inmates are required to file a grievance regarding an issue at the institutional level, receive a response from the Chief Administrative Officer of the institution ("Warden"), and if the Warden denies the grievance, appeal the denial to the Administrative Review Board ("ARB") within 30 days. *See* 20 Ill. Admin. Code § 504.850. The inmate's grievance must be filed within 60 days of the incident, and it must contain factual details regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *See* 20 Ill. Admin. Code § 504.810(b). Once a decision has been rendered at the institutional

level, the inmate must appeal within 30 days any adverse result to the Director of the Department through the ARB. *See* 20 Ill. Admin. Code § 504.850.

When there are factual issues relating to the exhaustion defense, the Court must resolve the issue before the merits may be considered. *See Pavey*, 544 F.3d at 741-42. If the prisoner did not exhaust his administrative remedies, the Court determines whether:

(a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;

(b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or

(c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*. at 742.

**IV.** **Defendants' Motion to Dismiss**

The Defendants argue that Plaintiff's medical malpractice claims should be dismissed because the Plaintiff failed to attach a certificate of merit to the complaint in compliance with state law requirements for medical malpractice claims (Doc. 25). This is action is brought pursuant to Section 1983, and Plaintiff invokes supplemental jurisdiction in order to bring his state law claim for medical malpractice. *See* 28 USC § 1367. Because the alleged facts in this case occurred in Illinois, the Court will apply Illinois law to the medical malpractice claim. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) *at* 613-14 (citing 735 ILCS § 5/2-622; *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (Ill. 1987)). "The certificate must affirm that a qualified, licensed physician has reviewed the case and determined

that „there is a reasonable and meritorious cause for the filing of such action‟." *Id*. (citing 735 ILCS § 5/2-622).

Winfrey admits that he has not been able to secure a certificate of merit to date and requests that the Court "stay any action on the motion to dismiss …" (Doc. 52 at 7). When the plaintiff fails to attach the certificate of merit to the complaint, the Court has discretion to dismiss with or without leave to amend. *See id*. (citing *McCastle*, 520 N.E.2d at 296). A claim should not be dismissed with prejudice and without leave to amend unless it is clear that an amended complaint would still fail to state a claim upon which relief could be granted. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). A court may also deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility. *See id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993)). Although Winfrey has, up to this date, failed to secure a certificate of merit in this case, there is no indication that granting dismissal with leave to amend the complaint would be improper.

It is, therefore, **RECOMMENDED** that Defendants‟ Motion to Dismiss (Doc. 24) be **GRANTED**. Additionally, pursuant to Federal Rule of Procedure 15(a)(2) and Local Rule 15.1, it is **RECOMMENDED** that the Court **GRANT** Plaintiff leave to amend the complaint in order to attach the requisite certificate of merit.

## V. Defendants' Motion for Summary Judgment

Defendants Lane and Rogers contend that Winfrey has failed to exhaust his administrative remedies with respect to his complaints about Defendants‟ denial of a back brace or cane and complaints regarding falling in the shower or walking to the chow hall (Doc. 39 at

6

6). In support of their position, Defendants provide an affidavit by Brian Fairchild, Chairperson of the ARB (Doc. 39-1) and copies of Winfrey's grievances on file with the ARB (Docs. 39-2, 39-3). Mr. Fairchild attests that, upon request of the Defendants, he has searched the ARB records for records "regarding grievances initiated by [Winfrey] associated with the failure of prison officials to provide him with access to an ADA shower and for failure to provide him with a back brace or cane" (Doc. 39-1 at 3). According to Mr. Fairchild's affidavit, the search of the ARB records indicated that Winfrey exhausted his administrative remedies with respect to his "access to an ADA shower" grievance but did not exhaust administrative remedies regarding his requests for a back brace or cane (Doc. 39-1 at 3).

In response, Winfrey argues that the fully-exhausted grievances attached to Defendants' motion for summary judgment more than adequately address Winfrey's inadequate medical care allegations in this case (Doc. 52 at 4-6). In support, Winfrey refers to excerpts from those grievances that specifically identify the Defendants in this case and address the alleged inadequacy of the medical care received (Doc. 52 at 4-6). Winfrey contends that he made a good-faith effort to exhaust his administrative remedies with respect to his inadequate medical care claims, and it would be inappropriate to "parse words in a contrived effort to say that [P]laintiff did not say the magic talisman each time he employed the grievance procedures" (Doc. 52 at 6).

### A. Level of Factual Detail Required

Winfrey attempts to persuade the Court to find that he exhausted his administrative remedies for all of his claims because he generally complained about inadequate medical care in all of the grievances that the parties agree are fully exhausted (Doc. 52 at 6). The Court does not agree. As outlined *supra*, IDOC regulations require that grievances must contain factual details

regarding each aspect of the inmate's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint (s*ee* 20 Ill. Admin. Code § 504.810(b)), and the Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the Department of Corrections (s*ee Dole*, 438 F.3d at 809). Following that command, if an inmate alleges a specific claim in his complaint, there must be some indication that the inmate exhausted his administrative remedies as to that specific claim. The purpose of the exhaustion requirement is to give prison officials prompt notice of problems and an opportunity to resolve those problems before litigation begins. *See Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001). In this lawsuit, Winfrey has made specific allegations that the denial of a back brace and cane and his slips and falls at Pinckneyville constituted cruel and unusual punishment (Doc. 1 at 16). Therefore, there must be at least some indication that Winfrey exhausted his available administrative remedies as to those specific complaints.

### B. Denial of Back Brace and Cane Claim

The Defendants focus their attention on complaints by the Winfrey as to "any denial of a back brace or cane" (Doc. 39 at 6). In his complaint, Winfrey alleges that from December 24, 2007 to January 29, 2008, the Defendants knowingly permitted him to walk around without his back brace and cane (Doc. 1 at 16). The record demonstrates that from December 24, 2007 to January 29, 2008, Winfrey filed two grievances dated December 30, 2007 and January 7, 2008 (Doc. 1 at 25-27). The two grievances complain generally about a lack of medical care for back pain (Doc. 1 at 25-27).

The December 30, 2007 and January 7, 2008 grievances have not been fully exhausted. A copy of these two grievances do not appear within the Defendants' exhibit of exhausted

grievances provided in support of Defendants" Motion for Summary Judgment (Docs. 39-2, 39-3) so it is fair to conclude that the two grievances never made it to the final stage of administrative adjudication, the ARB. A response by the counselor appears on those two grievances (Doc. 1 at 25-27), and a memorandum by the IDOC referencing the December 30, 2007 and January 7, 2008 grievances appears in record (Doc. 1 at 30).[1] Finally, Winfrey states that he sent the grievances to the grievance officer but did receive a response (Doc. 1 at 18).

Considering all the evidence in the record most favorably to the non-moving party, it is apparent that the failure to exhaust administrative remedies with respect to the December 30, 2007 and January 7, 2008 grievances was intentional. In Winfrey"s affidavit attached to the complaint, he only attests to attempting to exhaust grievances that were filed on January 29, 2008 or later (Doc. 1 at 7). In fact, he specifically lists the grievances that he attests to attempting to fully exhaust, and the December 30, 2007 and January 7, 2008 grievances are not included in that list (Doc. 1 at 7). Winfrey indicates that he did not receive a response from the grievance officer on those two grievances (Doc. 1 at 18). However, it is apparent that Winfrey had the technical knowledge and skills to fully exhaust those grievances if that was his intention because Winfrey was able to completely exhaust his administrative remedies for most of the central allegations of this case. Where the failure to exhaust is intentional, the Court does not afford the inmate an opportunity to go back and exhaust. *See Pavey*, 544 F.3d at 742 (if the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether … the failure to exhaust was the prisoner's fault, in which event the case is over).

---

[1] The memorandum references the two grievances and states that the "[g]rievant has been seen by the MD, had an x-ray and is scheduled for a follow up appointment when x-ray results are back" (Doc. 1 at 30).

Furthermore, after examining all the grievances in the record, it does not appear that the denial of a back brace or cane was one of Winfrey's chief complaints when he filed a series of grievances regarding inadequate medical care at Pinckneyville. In fact, no grievance on record specifically complains about the *denial* of a back brace or cane. Only one grievance mentions a back brace (Doc. 1 at 25-26),[2] and the use of cane is only mentioned when Winfrey complains about difficulty walking up and down stairs *with* the assistance of a cane (Doc. 1 at 56; Doc. 39-2 at 6; Doc. 39-3 at 10-12). In this lawsuit, Winfrey now wants to claim the denial of a back brace and cane constituted cruel and unusual punishment (Doc. 1 at 16). However, the Court finds that Winfrey has not exhausted his administrative remedies on that specific claim.

### C. Slipping and Falling Claims

The Defendants also request that the Court find the Winfrey failed to exhaust his administrative remedies with respect to his claims related to a slip and fall in the shower and walking to the chow hall (Doc. 39 at 6). In his complaint, Winfrey alleges that he slipped and fell "in the shower and on the walk" during the time he was being denied medical care by the Defendants and the slips and falls constitute cruel and punishment (Doc. 1 at 16). The Court has, again, searched the record for complaints within Winfrey's grievances regarding specific incidents of slips and falls and has found nothing on the subject. Winfrey does generally allude to trying to prevent slip and fall incidents in the context of complaints about lack of access to ADA-compliant showers (Docs. 39-2, 39-3) but does not complain about specific slip and fall incidents. As such, the Court finds that Winfrey has failed to exhaust his administrative remedies with respect to the specific allegations of incidents of a slip and fall constituting cruel and unusual punishment.

---

[2] Winfrey's December 30, 2007 grievance states "PS-I also wear a back brace" (Doc. 1 at 26).

The Court recognizes that Winfrey uses the slip and fall incident allegations to support some of his other claims. The Court makes no ruling as to the use of those facts in this case to support other claims. Rather, the Court limits its finding to Winfrey's claim that slipping and falling at Pinckneyville, in itself, constituted cruel and unusual punishment under the Eighth Amendment. Additionally, the Court does not find an existing state law negligence claim for injuries caused by a slip and fall incident in this case.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 24) be **GRANTED** and Defendants' Motion for Summary Judgment (Doc. 39) be **GRANTED**.

It is further **RECOMMENDED** that the following claims be **DISMISSED** with prejudice from this case:

1) Plaintiff's inadequate medical care claim constituting cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution for denial of a back brace and cane; and
2) Plaintiff's claim for specific slip and fall incidents constituting cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution.

It is further **RECOMMENDED** that Plaintiff's medical malpractice claim be **DISMISSED** and that the Court **GRANT** Plaintiff leave to amend the complaint in order to attach the requisite certificate of merit to avoid dismissal of the medical malpractice claim with prejudice.

**SO RECOMMENDED.**

**DATED: May 2, 2011.**

/s/ Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE