IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS WINFREY,<br><br>        Plaintiff,<br><br>    v.<br><br>ROGER E. WALKER, JR., *et al.*,<br><br>        Defendants. | Case No. 3:09-cv-00461-JPG |

MEMORANDUM & ORDER

This matter comes before the Court on the defendants' motion for summary judgment (Doc. 67). The plaintiff, Cornelius Winfrey, filed a response to the motion (Doc. 71), to which the defendants filed a reply (Doc. 72). In his Report and Recommendation ("R&R"), Magistrate Judge Frazier recommended the defendants' motion be granted (Doc. 73). Winfrey filed an objection to the recommendation (Doc. 76).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* The Court must review *de novo* the portions of the report to which specific written objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Magistrate Judge Frazier stated the background of this case and no party has objected to his characterization. Cornelius Winfrey was severely injured in a motorcycle accident prior to

1

being in the custody of the Illinois Department of Corrections. On December 24, 2007, Winfrey was transferred to Pinckneyville Correction Center where he claims to have re-injured his back after slipping and falling in the shower and "on the walk." He then filed the present lawsuit on June 18, 2009. In it, he alleges violations of 42 U.S.C. § 1983, specifically the right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Winfrey alleges in his complaint (Doc. 1) that from the time of his transfer on December 24, 2007 until January 29, 2008, the prison officials at Pinckneyville continually ignored his complaints regarding his serious back injury.

Following the filing of his complaint, the Court screened it pursuant to its authority in 28 U.S.C. § 1915A and allowed Winfrey's claims to proceed against five defendants. (Doc. 7). The Court then dismissed two of those defendants, including the doctor who oversaw Winfrey's care, Dr. Obadina, without prejudice because of the failure to effectuate service upon them (Docs. 60, 63, 64). The remaining three defendants are all nurses who were employed at Pinckneyville during the time period of the allegations. The only remaining claim in this lawsuit is that the remaining defendants were deliberately indifferent to the serious medical needs of Winfrey because they allegedly ignored his requests for access to the disabled-accessible amenities at Pinckneyville (Doc. 68-1). The remaining defendants filed the present motion for summary judgment December 19, 2011 (Doc. 67).

In his R&R, Magistrate Judge Frazier recommended the motion for summary judgment be granted (Doc. 73). In coming to this conclusion, Magistrate Judge Frazier examined the standard of law for a § 1983 claim, namely "a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In order to be liable for violating § 1983, a defendant "must in

other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988).

Magistrate Judge Frazier also analyzed Winfrey's deposition (Doc. 68-1). In his deposition, Winfrey stated he knew the nurses "are not allowed to do anything. Only thing they do is just say well, okay- they will look at the request and say okay, we will pass it over to the doctor, make appointments for us to be seen by the doctor." *Id.* He acknowledged the nurses did not control whether he had access to the disabled-accessible amenities but were only messengers. Winfrey speculated he made 10-20 requests to the nurses to consult Dr. Obadina about the disabled-accessible amenities (Doc. 68-1). The facts demonstrate Dr. Obadina was working with a specialist regarding this very issue and therefore there is no evidence the nurses deliberately disregarded his requests but rather appear to have passed them on (Doc. 68-1).

Based upon the facts of the case and relevant law, Magistrate Judge Frazier concluded there was no genuine issue of material fact remaining for a trial. Rather, he found summary judgment was appropriate for the defendant nurses because they did not play a part in the doctor's treatment decisions and did not have the authority to grant the request Winfrey was seeking. The only remaining issue in the case is whether the nurses violated § 1983 by acting with deliberate or reckless indifference to deprive Winfrey of his constitutional rights. *See Jones*, 856 F.2d at 992-93. Magistrate Judge Frazier found the nurses did not act with such indifference and this Court agrees.

Winfrey has filed an objection with the Court; however, his objection does not address the reasoning of the R&R (Doc. 76). Winfrey presented numerous case summaries regarding qualified immunity, service of process and cases where there was a back injury. These cases, however, do not address an issue before this Court. Winfrey has not presented a case and nor can

3

the Court find a case which would support rejecting the R&R or a theory of liability for the defendant nurses.

The Court **ADOPTS** the Report and Recommendation (Doc. 73) in its entirety and **GRANTS** the defendants' Motion for Summary Judgment (Doc. 67). The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 17, 2012**

s./ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
